# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

_____
)
KEVIN ALMY,                              )
                                         )
              Plaintiff,                  )        3:17-cv-00382-RCJ-CBC
                                         )
        vs.                              )
                                         )        **ORDER**
MINOR ADAMS et al.,                      )
                                         )
              Defendants.                 )
_____ )
                                         )
KEVIN ALMY,                              )
                                         )
              Plaintiff,                  )        3:17-cv-00390-RCJ-WGC
                                         )
        vs.                              )
                                         )        **ORDER**
MINOR ADAMS et al.,                      )
                                         )
              Defendants.                 )
_____ )

## I.    CASE NO. 3:17-cv-382

Plaintiff Kevin Almy, a prisoner proceeding *in pro se* sued multiple Defendants under 42
U.S.C. § 1983 for various civil rights violations.  Upon screening under 28 U.S.C. § 1915A, the
Court dismissed the Complaint, with leave to amend in part.  Plaintiff did not amend within 28
days, as ordered.  Rather, he appealed, and the Court of Appeals dismissed the appeal for lack of
jurisdiction.  Upon receiving the Court of Appeals' order, the Magistrate Judge granted Plaintiff
another 28 days to amend, increasing the total time to 91 days.  Plaintiff again did not timely

amend.  Rather, nine days after the time to amend expired a second time, he filed the present motions to extend time to amend and for the undersigned to recuse.  Plaintiff claims various health issues have made him lethargic and have impaired his cognitive abilities.

The Court denies the motion to recuse.  Defendant argues that the Court's adverse rulings against him in this case (and against inmates in other cases) implies bias, but that is not the law. *Habrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045–46 (9th Cir. 1987).  The Court also denies the motion to extend time, because the request was made after time to amend expired, and Plaintiff has not shown excusable neglect. Local R. IA 6-1(a).  Whatever impairments Plaintiff has, they did not impede his ability to file an appeal within the time the amendment was due.  They therefore cannot have prevented him from filing a timely amendment or timely requesting an extension of time.  There was no excusable neglect.  Plaintiff made a conscious, tactical decision to appeal rather than amend.

Finally, the Court will dismiss the remaining claims in the '382 Case with prejudice.  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's first order requiring Plaintiff to file an amended complaint stated, "If Plaintiff does not file an amended complaint within twenty-eight (28) days of the date of this Order, the Court may dismiss with prejudice without further notice." (Order 15:21–23, ECF No. 13 in Case No. 3:17-cv-382).  The Magistrate Judge gave Plaintiff the same warning for a second time in the most recent extension. (Order 1:21–23, 2:1–2, ECF No. 19 in Case No. 3:17-cv-382).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders to file an amended complaint.

*///*

**II.     CASE NO. 3:17-cv-390**

In this case, Plaintiff also sued multiple Defendants under § 1983.  Upon screening under § 1915(e),[1] the Court dismissed, with leave to amend within 30 days.  On the day amendment was due, Plaintiff filed the present motions to extend time to amend and for the undersigned to recuse.  The motions mirror those filed in the '382 Case.

The Court denies the motion to recuse for the same reason it denies the motion to recuse in the '382 Case but grants the motion for an extension of time to amend.  Plaintiff need not show excusable neglect, because his request to extend time was timely filed within the original time granted to amend. Local R. IA 6-1(a).

///
///
///
///
///
///
///
///
///
///
///
///

---

1 Although the allegations related to Plaintiff's time in prison, he was no longer a prisoner at the time of screening, but the Complaint was still subject to screening because he sought to proceed *in forma pauperis*.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Recuse (ECF No. 22 in Case No. 3:17-cv-382 and ECF No. 14 in Case No. 3:17-cv-390) are DENIED.

IT IS FURTHER ORDERED that the Motion for Extension of Time (ECF No. 21 in Case No. 3:17-cv-382) is DENIED; Case No. 3:17-cv-382 is DISMISSED with prejudice for failure to file an amended complaint in compliance with this Court's orders and for failure to state a claim; and the Clerk shall enter judgment and close the case.

IT IS FURTHER ORDERED that the Motion for Extension of Time (ECF No. 13 in Case No. 3:17-cv-390) is GRANTED. The first amended complaint is due within twenty-eight (28) days of this Order. The Clerk shall again send Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the Complaint (ECF No. 12 in Case No. 3:17-cv-390). Plaintiff must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. Failure to timely amend will result in dismissal with prejudice without further notice.

IT IS SO ORDERED.

Dated this 14th day of January, 2019.

_____
ROBERT C. JONES
United States District Judge